IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| IHC HEALTH SERVICE, INC. dba MCKAY-DEE HOSPITAL,<br><br>Plaintiff,<br><br>v.<br><br>CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS HEALTH AND WELFARE FUND,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION TO DISMISS**<br><br><br>Case No. 2:17-CV-01327-JNP-BCW<br><br>District Judge Jill N. Parrish |

Before the court is a Motion to Dismiss for Failure to State a Claim (ECF No. 6), filed February 14, 2018. For the reasons below, that motion is granted. However, the court will leave the case open for fourteen days should the plaintiff wish to amend the complaint.

## I.    INTRODUCTION

Plaintiff IHC Health Services, Inc. ("IHC") brings three claims under the Employment Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.*: (1) recovery of plan benefits, (2) breach of fiduciary duties, and (3) failure to produce plan documents upon written request. Defendant Central States, Southeast and Southwest Areas Health and Welfare Fund ("Central States") moves to dismiss all three claims. IHC concedes that the second and third claims should be dismissed—the second claim as duplicative and the third claim as barred by the statute of limitations. Accordingly, the court need only address the first claim.

## II.    STANDARD OF REVIEW

A defendant may move to dismiss a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure when the plaintiff has failed to state a claim upon which relief can be granted. In

resolving a Rule 12(b)(6) motion, the court does not weigh potential evidence that the parties might present at trial. Rather, it must "assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citation omitted).

"A court reviewing the sufficiency of a complaint presumes all of [the] plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991). Legal conclusions "are not entitled to the assumption of truth" but "must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Although detailed factual allegations are not required, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible when the plaintiff has pleaded "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### III.    STATEMENT OF FACTS

IHC operates several hospitals in the mountain west, including one in Ogden, Utah. In December 2014, IHC provided an unspecified medical treatment to a patient at the Ogden hospital. The patient was a participant in a health insurance plan funded by Central States. However, the procedure was considered "out of network" under the patient's plan.

On November 26, 2014, Central States sent the patient an exemption letter permitting the patient to receive treatment at an out-of-network provider. It appears the letter was in response to a request from the patient, who wished to receive treatment from a doctor he had seen previously. The exemption letter from Central States stated that the out-of-network treatment would be paid at "85% of the reasonable and customary" fees.

The patient received treatment on December 29, 2014, approximately one month after the

exemption letter was received. Around this time, the patient assigned the associated claim to IHC. Billed charges for the treatment totaled $27,586.48. Initially, Central States denied the claim because "treatment was provided out of network and Billed Charges exceeded usual, customary, and reasonable costs." However, Central States eventually issued a payment for $9,991.96—or thirty-six percent of the total amount billed for the treatment.

IHC appealed the partial denial of benefits twice, and both times Central States denied the appeals. Central States' only explanation was that, according to its pricing agency, the amount of $9,991.95 was the maximum benefit allowable for the services rendered. In denying the second appeal, Central States further explained that the amount paid represented the maximum benefit allowable because IHC was unwilling to negotiate claim adjustments with the pricing agency. On December 29, 2017, IHC filed a complaint in this district.

## IV.    DISCUSSION

Central States moves to dismiss IHC's claim for recovery of plan benefits for failure to state a claim under Rule 12(b)(6). Specifically, Central States argues that to state a claim under § 502(a)(1)(B) of ERISA, IHC must specify a term of the plan that gives rise to the benefits due. IHC responds that such specificity is not required to meet the pleading standard established by the Supreme Court. IHC also points to the exemption Central States sent to the patient as grounds for its claim. Consequently, the court first addresses whether IHC must specify a term of the plan in its complaint to satisfy the pleading standard. Then the court addresses whether the exemption letter identified by IHC satisfies the requirement to specify a term of the plan. Finally, the court discusses the availability of an estoppel claim in the ERISA context.

### A.  SPECIFYING TERMS OF THE PLAN IN THE COMPLAINT

Central States contends that IHC's claim for recovery of plan benefits is deficient because IHC has not identified any provision of the plan that entitles it to receive additional benefits beyond

the $9,991.96 payment it has already received. IHC argues that identifying a provision of the plan in its complaint is not required and that the complaint meets the pleading standard established by the Supreme Court. The court finds that IHC's complaint is deficient.

Although the Tenth Circuit has not addressed this question directly, district courts in several other circuits have held that to claim recovery of plan benefits under ERISA, the plaintiff's complaint must identify specific terms of the plan that give rise to the alleged benefits due.[1] While their reasoning is persuasive, the court finds that the statutory language, and the pleading standard of the Federal Rules of Civil Procedure, as interpreted by the Supreme Court, provide adequate guidance to resolve this question.

Section 502 of ERISA provides a civil cause of action for a participant or beneficiary "to recover benefits due to him *under the terms of his plan*, to enforce his rights *under the terms of the plan*, or to clarify his rights to future benefits *under the terms of the plan*." 29 U.S.C. § 1132(a)(1)(B) (emphasis added). The statute makes clear that claims brought under ERISA to recover benefits depend entirely on the "terms of the plan." It follows that if the benefits in question

---

[1] Central States' motion cites several district court opinions that require this level of specificity in the complaint. *See, e.g.*, *LB Surgery Ctr., LLC v. United Parcel Serv. of Am., Inc.*, No. 17-C-3073, 2017 WL 5462180 at *2 (N.D. Ill. Nov. 14, 2017) ("Failure to specify the allegedly breached plan term is grounds for dismissal."); *Sanctuary Surgical Ctr., Inc. v. UnitedHealthcare Grp., Inc.*, No. 10-81589-CIV, 2013 WL 149356, at *3 (S.D. Fla. Jan. 14, 2013) ("plaintiffs must at least identify the specific plan provisions under which coverage is conferred . . . and . . . allege sufficient facts to plausibly show the services rendered . . . were indeed covered under that *particular* plan."); *Paragon Office Servs., LLC v. UnitedHealthcare Ins. Co., Inc.*, No. 3:11-CV-2205-D, 2012 WL 5868249, at *3 (N.D. Tex. Nov. 20, 2012) (granting a motion to dismiss because the amended complaint did not "identify any plan provisions that were allegedly violated"); *Midwest Special Surgery, P.C. v. Anthem Ins. Cos.*, No. 4:09CV646 TIA, 2010 WL 716105, at *2 (E.D. Mo. Feb. 24, 2010) ("The plaintiff 'must identify the specific provisions of the plan itself that were breached.'") (quoting *Gunderson v. St. Louis Connectcare*, No. 4:08CV01553 JCH, 2009 WL 882240, at *3 (E.D. Mo. March 26, 2009)); *Stewart v. Nat'l Educ. Ass'n*, 404 F. Supp. 2d. 122, 130 (D. D.C. 2005) ("A plaintiff who brings a claim for benefits under ERISA must identify a specific plan term that confers the benefit in question.").

IHC points out that many of these holdings rely on a Seventh Circuit case that deals with a different section of ERISA. *Pl.'s Opp'n to Def.'s Mot. to Dismiss* 3, ECF No. 16. While this is true, IHC overlooks the relevant discussion in that case that supports the district courts' holdings. The Seventh Circuit clearly states that "[o]nly benefits specified in the plan can be recovered in a suit under section 502(a)(1)(B). . . . [B]enefits payable under an ERISA plan are limited to the benefits specified in the plan." *Clair v. Harris Trust & Sav. Bank*, 190 F.3d 495, 497 (7th Cir. 1999).

do not arise under the terms of the plan, the plaintiff has no claim under this subsection. Therefore, to state a plausible claim for recovery of additional benefits under ERISA, a plaintiff must allege sufficient facts to allow the court to reasonably infer that the terms of the plan require additional benefits to be paid. *See Ashcroft*, 556 U.S. at 678.

IHC alleges that "[t]he actions of the Defendant . . . are a violation of ERISA, . . . and a breach of the terms and provisions of the Plan." *Pl.'s Compl.* 6, ECF No. 2. But IHC's complaint fails to identify what "terms of the plan" have been breached, making this statement conclusory. *See Ashcroft*, 556 U.S. at 681. To be sure, detailed factual allegations are not required. *Id.* at 678. But "legal conclusions . . . must be supported by factual allegations," *Id.* at 679, such as what provisions of the plan are at issue.

Accordingly, IHC has not met the pleading standard established by the Supreme Court. Without knowing the relevant plan provisions, the court cannot reasonably infer from well-pleaded facts that Central States has withheld benefits due to IHC "under the terms of [the] plan." *See* § 1132(a)(1)(B).

## B. THE EXEMPTION LETTER AS A TERM OF THE PLAN

IHC argues that because it identifies an exemption letter authorizing specific out-of-network coverage at eighty-five percent of the reasonable and customary fees, it has pled with "adequate specificity" to sustain an ERISA claim. But ERISA plans cannot be modified by informal written agreements. Consequently, there are no factual allegations in the complaint showing that Central States was required, under the terms of the plan, to provide coverage for this treatment.

ERISA is clear that plans must be administered "in accordance with the documents and written instruments governing the plan." § 1104(a)(1)(D). And "ERISA provides no exemption from this duty when it comes time to pay benefits." *Kennedy v. Plan Adm'r for DuPont Sav. &*

*Inv. Plan*, 555 U.S. 285, 300 (2009) (citing § 1104(a)(1)(D)). Plans are to be established and maintained pursuant to written instruments because "[a] written plan is critical to ERISA's goal that employees be informed about the benefits to which they are entitled." *Biggers v. Wittek Indus., Inc.*, 4 F.3d 291, 295 (4th Cir. 1993).

In addition to requiring a written instrument, ERISA also requires that plans provide a mechanism for amendment: "Every employee benefit plan shall . . . provide a procedure for amending such plan, and for identifying the persons who have authority to amend the plan." § 1102(b)(3). "By explicitly requiring that each plan specify the amendment procedures, Congress rejected the use of informal written agreements to modify an ERISA plan." *Nachwalter v. Christie*, 805 F.2d 956, 960 (11th Cir. 1986) (citing *Johnson v. Cent. States, Se. and Sw. Areas Pension Funds*, 513 F.3d 1173, 1174–75 (10th Cir. 1975)). Thus, "there is no liability under ERISA for purported informal written modifications to an employee benefit plan." *Miller v. Coastal Corp.*, 978 F.2d 622, 625 (10th Cir. 1992).

For the exemption letter to be included in the terms of the plan, it would have to be a formal amendment. IHC has not alleged that the exemption constitutes a formal amendment to the plan or that formal amendment procedures were followed when the exemption was issued. Thus, the exemption letter as alleged in the complaint does not constitute a term of the plan, so alleging a violation of the exemption letter is insufficient to state an ERISA claim.

## C. ERISA ESTOPPEL

The court notes that, while the exemption letter may be insufficient as an amendment to the plan, it may not be wholly unhelpful to IHC's cause. "ERISA preempts state law causes of action, including state law promissory estoppel claims." *Kerber v. Qwest Group Life Ins. Plan*, 647 F.3d 950, 962 (10th Cir. 2011). However, several circuits have recognized equitable estoppel claims in the ERISA context. *See, e.g.*, *Pell v. E.I. DuPont de Nemours & Co.*, 539 F.3d 292, 300

(3d Cir. 2008). While the Tenth Circuit has not yet recognized equitable estoppel claims in the ERISA context, it has "left open the possibility that an ERISA estoppel claim might be viable in 'egregious cases,' such as where the employer lied, engaged in fraud, or intended to deceive the participants, or where the claim was premised on the employer's interpretation of an ambiguous provision in the plan." *Kerber*, 647 F.3d at 962 (citations omitted); *see also Martinez v. Plumbers & Pipefitters Nat'l Pension Plan*, 795 F.3d 1211, 1223 (10th Cir. 2015). Here, IHC may be able to allege egregious circumstances surrounding the exemption letter from Central States. But IHC's complaint does not currently contain an ERISA estoppel claim.

## V. ORDER

For the reasons set forth above, Defendant's motion to dismiss is **GRANTED.** Specifically, the court holds that (1) IHC's second and third causes of action are **DISMISSED WITH PREJUDICE**, and (2) IHC's claim for recovery of plan benefits under § 502(a)(1)(B) of ERISA is **DISMISSED WITHOUT PREJUDICE**. At its option, Plaintiff has fourteen days from the date of this order to file an amended complaint.

Signed August 7, 2018

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge