IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| IHC HEALTH SERVICE, INC. dba MCKAY-DEE HOSPITAL,<br><br>Plaintiff,<br>v.<br><br>CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS HEALTH AND WELFARE FUND,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING IN PART AND GRANTING IN PART DEFENDANT'S MOTION TO DISMISS**<br><br>Case No. 2:17-CV-01327-JNP-BCW<br><br>District Judge Jill N. Parrish |

Before the court is Defendant Central States, Southeast and Southwest Areas Health and Welfare Fund's ("Central States") Motion to Dismiss Plaintiff's First Amended Complaint for Failure to State a Claim ("Motion") (ECF No. 35), filed August 8, 2018. For the reasons below, the motion is granted in part and denied in part.

**I. BACKGROUND**

Plaintiff IHC Health Services, Inc. ("IHC") operates several hospitals in the mountain west, including the McKay-Dee Hospital in Ogden, Utah. On December 29, 2014, IHC provided unspecified medical treatment to a patient, "K.N.," at the McKay-Dee Hospital. K.N. was a participant in a health insurance plan funded by Central States (the "Plan"). However, the procedure was considered "out of network" under the Plan.

On November 26, 2014, Central States sent K.N. an exemption letter permitting him to receive treatment at an out-of-network provider. It appears the letter was in response to a request from the patient, who wished to receive treatment from a doctor he had seen previously. The

1

exemption letter from Central States stated that the out-of-network treatment would be paid at "85% of the reasonable and customary" fees.

K.N. received treatment on December 29, 2014, approximately one month after receiving the exemption letter. Billed charges for the treatment totaled $27,589.48. The patient assigned the associated claim to IHC at the time of treatment. Initially, Central States denied the claim because "treatment was provided out of network and Billed Charges exceeded usual, customary, and reasonable costs." However, Central States eventually issued a payment for $9,991.95—or approximately thirty-six percent of the total amount billed for the treatment. In the Explanation of Benefits provided to K.N., Central States asserted that $9,991.95 is eighty-five percent of the "reasonable & customary amount" calculated by Central States pursuant to plan section 11.09 and is therefore the maximum benefit allowable under the Plan.

IHC, as the assignee of K.N.'s claim, appealed this "partial denial of benefits" twice, seeking the remaining $16,047.53 billed. Central States denied both appeals. Central States explained that, according to its pricing agency, Data iSight, $9,991.95 was the maximum benefit allowable for the services rendered because it was eighty-five percent of the "Reasonable and Customary charge" for the services. In denying the second appeal, Central States further explained that the amount paid represented the maximum benefit allowable because IHC was unwilling to negotiate claim adjustments with Data iSight. On December 29, 2017, IHC filed its complaint.

IHC initially brought three claims under the Employment Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.*: (1) recovery of plan benefits, (2) breach of fiduciary duties, and (3) failure to produce plan documents upon written request. On February 14, 2018, Central States moved to dismiss all three claims. On August 8, 2018, this court dismissed the first claim without prejudice and the second and third claims with prejudice. Or. Mot. Dismiss, ECF No. 33.

On August 15, 2018, IHC filed its First Amended Complaint ("Amended Complaint") containing a single claim for recovery of plan benefits under 29 U.S.C. § 1132(a)(1)(B).

## II. ANALYSIS

Central States moves to dismiss IHC's Amended Complaint for failure to state a claim under Rule 12(b)(6). Specifically, Central States argues that the Amended Complaint should be dismissed because 1) IHC failed to bring a claim for equitable estoppel as invited by the court, 2) its restated claim for recovery of plan benefits is still deficient, and 3) IHC failed to allege its authority to seek relief against Central States under a purported assignment of benefits.

### A. STANDARD OF REVIEW

A defendant may move to dismiss a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure when the plaintiff has failed to state a claim upon which relief can be granted. In resolving a Rule 12(b)(6) motion, the court does not weigh potential evidence that the parties might present at trial. Rather, it must "assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (quoting *Miller v. Glanz,* 948 F.2d 1562, 1565 (10th Cir.1991)).

"A court reviewing the sufficiency of a complaint presumes all of [the] plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991). Legal conclusions "are not entitled to the assumption of truth" but "must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Although detailed factual allegations are not required, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible when the plaintiff has pleaded "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

3

## B. CLAIM FOR RECOVERY OF PLAN BENEFITS

The court previously dismissed without prejudice IHC's claim for recovery of plan benefits because its initial complaint failed to identify what terms of the plan had been breached by Central States. Although IHC argued that it had satisfied its pleading obligations by identifying the exemption letter, the court found that the plan could not be amended informally, and thus IHC could only rely on the exemption letter if it wanted to assert a claim for equitable estoppel. Or. Mot. Dismiss at 5–7. The court dismissed the claim without prejudice and invited IHC to file an amended complaint. Although the court specifically invited IHC to amend its complaint to make a claim for equitable estoppel, by dismissing the claim without prejudice the court's order did not preclude IHC from merely correcting the inadequacies with its pleading and refiling its claim for recovery of benefits. *Id*. As IHC has not made a claim for equitable estoppel and is not relying on the exemption letter, the court now addresses only whether IHC has properly stated a claim for recovery of plan benefits in its Amended Complaint.

### 1. Standing

First, Central States argues that IHC's Amended Complaint should be dismissed because IHC did not sufficiently allege that it has been assigned the claims of the individual, K.N, and thus IHC lacks standing to bring an ERISA claim. IHC's Amended Complaint makes the following factual allegations: 1) K.N., a resident of the state of Utah and participant in the Plan, "signed an Assignment of Benefits ("AOB") in favor of [IHC] for the claim which is in dispute"; and 2) the assignment "designated [IHC] as an authorized member representative to appeal all denied claims." Am. Compl. at ¶¶ 10–12. Central States argues that these allegations are insufficient because IHC failed to attach the assignment document to its complaint.[1] However, at the motion

---

[1] In its notice of supplemental authority filed six months after its initial motion, Central States provides the court a single unpublished opinion from the Northern District of California supporting

to dismiss stage, the court only evaluates whether the "complaint [contains] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). IHC alleged that the claims were assigned, and accepting this factual allegation as true, the court finds that IHC has successfully plead a factual basis for standing in this case.[2]

## 2. Specifying Terms of the Plan

In its previous order, the court addressed the pleading standard for an ERISA benefits claim. Interpreting the statutory language of ERISA and the pleading standard of the Federal Rules of Civil Procedure as interpreted by the Supreme Court, the court determined that a plaintiff's complaint must identify terms of the plan that would allow the court to reasonably infer that plaintiff is entitled to additional benefits. *See* Or. Mot. Dismiss at 4–5. IHC's Amended Complaint identifies two sections of the Plan. First, IHC alleges that "Defendant has violated sections 12.04 and 20.1(c) of the Plan by failing to pay the Billed Charges at the specified rate." Am. Compl. ¶ 40. Second, IHC asserts that Central States has violated section 11.09 of the Plan by failing to provide an explanation of how it calculated a "Usual, Reasonable, and Customary charge." *Id.* at ¶ 43. Central States argues that IHC has again failed to state a claim because the sections identified

---

its theory that alleging an assignment of benefits is inadequate. *See* Mot. Submit Suppl. Authority, ECF No. 49 (citing *Cty. of Monterey v. Blue Cross of California*, No. 17-CV-04260-LHK, 2019 WL 343419, at *6 (N.D. Cal. Jan. 28, 2019)). In that case, the plaintiff failed to allege the specific language of the assignment document and failed to attach the document to the complaint. For those reasons the court found that plaintiff had failed to state a claim for relief and dismissed the complaint, but gave plaintiff leave to amend. *Id*. This court, however, finds that IHC's factual allegations of standing are sufficiently specific to survive a motion to dismiss. Therefore, leave to amend is unnecessary.

[2] Alternatively, the court could consider the assignment document attached to IHC's opposition to the motion to dismiss because it was referenced in the complaint and the parties do not dispute its authenticity. *See Smith v. United States,* 561 F.3d 1090, 1098 (10th Cir. 2009) (quoting *Alvarado v. KOB–TV, L.L.C.,* 493 F.3d 1210, 1215 (10th Cir.2007)). In either case, standing has been sufficiently alleged.

by IHC in its Amended Complaint do not "require[] Central States to pay a penny more than 85% of the reasonable customary allowance determined by Central States." Reply Mot. Dismiss at 8.

### a. Claim for Benefits Under Plan Sections 12.04 and 20.1(c)

IHC alleges that sections 12.04 and 20.1(c) entitle IHC to more than the $9,991.95 paid by Central States. Under section 12.04: "The Plan shall pay the level of benefits specified under Section 20.01(c) for the covered Physician's charges. All payments shall be based upon the Reasonable and Customary charge as established by the Fund." Am. Compl. ¶ 37. Section 20.1(c) of the Plan provides that, "surgical expenses are to be paid at 85% of the covered charges after the member's $50 copayment. After the out-of-pocket expense Limit is met, surgical expenses are to be paid at 100%." Am. Compl. ¶ 38.

Central States argues that it calculated 85% of the "Reasonable and Customary charge" and paid IHC that amount, thereby satisfying its obligation under these provisions of the Plan. Thus, according to Central States, IHC does not plausibly assert that it is entitled to further compensation and it has therefore failed to state a claim for relief. IHC responds that Central States failed to properly calculate the "reasonable and customary charge." The conflict, therefore, is whether the amount calculated by Central States is "reasonable and customary" as required by the Plan. The court does not reach the merits of that argument at the motion to dismiss stage. Instead, accepting as true IHC's allegations that the amount calculated is not reasonable and customary, IHC would be entitled to relief. IHC has therefore identified provisions of the plan that state a claim for relief sufficient to survive a motion to dismiss.

### b. Claim for Benefits Under Plan Section 11.09

IHC also asserts that Central States has violated section 11.09 of the Plan. Section 11.09 of the Plan states, "[i]n all instances, other than when a specific dollar amount is the stated allowance, benefits to be paid by the Fund will be based upon a charge which is the usual,

6

Reasonable and Customary charge for the treatment, supply or service, determined by comparison with the charges customarily made for similar treatments, supplies or services to individuals with similar medical conditions within a given geographical area." Am. Compl. ¶ 39. IHC alleges that Central States has failed to calculate the "Reasonable and Customary charge" in the manner required by the Plan. IHC asserts that, at the very least, Central States must provide documentary evidence of how it calculated the "Reasonable and Customary charge" to comply with ERISA regulations 29 C.F.R. 2560.503-1(h) and (m)(8). Central States argues that Section 11.09 does not entitle K.N. to any benefits, and thus does not qualify as a plan provision under which IHC can seek restoration of benefits.[3] Central States also argues that IHC improperly asserts violations of the ERISA regulations because IHC's claim for failure to produce plan documents under 29 U.S.C. §§ 1024(b)(4) and 1132(c)(1) were dismissed with prejudice.

The court disagrees with Central States. Section 11.09 clearly entitles K.N. to benefits based upon a "Reasonable and Customary charge" that must be calculated as provided in Section 11.09. IHC has alleged that Central States did not calculate the reasonable and customary charge

---

[3] In its Motion, Central States cites to *LB Surgery Ctr., LLC v. United Parcel Serv. of Am., Inc.*, No. 17 C 3073, 2017 WL 5462180 (N.D. Ill. Nov. 14, 2017) for the proposition that section 11.09 cannot entitle a plaintiff to relief. Mot. Dismiss at 9–10. But in *LB Surgery*, the court dismissed the complaint for failure to cite to any plan provision at all, not for relying on section 11.09 or its equivalent. *LB Surgery* at *2. In its Reply Memorandum, Central States acknowledges that *LB Surgery* does not reference section 11.09, but cites to *Griffin v. TeamCare*, No. 18 C 1772, 2018 WL 3685511, at *1 (N.D. Ill. June 21, 2018) where the same judge who decided *LB Surgery* dismissed a complaint with "nearly identical claims" and declined to differentiate between the two. Although the judge in *Griffin* failed to distinguish between *LB Surgery* and *Griffin,* the two cases are easily distinguishable. In *Griffin,* the plaintiff actually referenced section 11.09 in her complaint, whereas the *LB Surgery* plaintiff did not. While, the *Griffin* court ultimately held that section 11.09 "does not confer benefits" and dismissed plaintiff's claim, *Griffin* at *2, it was reversed on this issue by the Seventh Circuit, which held that the plaintiff had successfully alleged her entitlement to a recovery of benefits due to defendant's underpricing of her claim in violation of section 11.09. *See Griffin v. TeamCare*, 909 F.3d 842, 846 (7th Cir. 2018) (affirming in part, vacating in part, and remanding in part *Griffin*, 2018 WL 3685511). In any case, neither *LB Surgery* nor *Griffin* are binding on this court.

7

in the manner required by the plan or, at a minimum, has failed to demonstrate that it complied with the Plan. Although IHC is precluded by the court's prior order from asserting a claim for penalties for failure to provide the information required by ERISA, the fact that Central States has not provided the calculations or the records behind the calculation could nevertheless constitute a violation of the Plan, which must comply with ERISA. In short, IHC has successfully stated a claim for relief.

C. AVAILABLE REMEDIES

At paragraph 14, IHC asserts that it seeks "benefits due under 29 U.S.C. § 1132(a)(1)(B)," "penalties pursuant to 29 U.S.C. § 1132(a)(1)(c)," "interest and attorneys' fees under 29 U.S.C. § 1132(g)," and "other appropriate equitable relief under 29 U.S.C. § 1132(a)(3)." Although plaintiff is not precluded by the court's prior order from asserting a claim for recovery of benefits, equitable relief, and interest and attorneys' fees, plaintiff may not seek "penalties pursuant to 29 U.S.C. § 1132(a)(1)(c)" for two reasons. First, there is no subsection 29 U.S.C. § 1132(a)(1)(c) and second, even if IHC had asserted a claim for penalties under the appropriate subsection, 29 U.S.C. § 1132(c)(1), IHC's claim for penalties for failure to produce plan documents upon written request was previously denied with prejudice by the court. Defendant's motion to dismiss IHC's claim for penalties under 29 U.S.C. § 1132(c)(1) is therefore granted.[4]

---

[4] The court assumes that IHC inadvertently failed to remove this claim for relief from its Amended Complaint rather than attempting to subvert the court's previous Order on the Motion to Dismiss.

### III.　ORDER

For the reasons set forth above, Defendant's motion to dismiss is **DENIED IN PART AND GRANTED IN PART.** Specifically, the court **DENIES** Central States' motion to dismiss the Amended Complaint but **GRANTS** Central States' motion to dismiss IHC's claim for penalties under 29 U.S.C. § 1132(c)(1).

Signed March 15, 2019

BY THE COURT

*Jill N. Parrish*

_____
Jill N. Parrish
United States District Court Judge